Submitted on record and petitioner's brief November 1, reversed and remanded for reconsideration December 26, 1990

Warren D. CAVITT,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Comp-U-Print,
*Respondents.*

(90-AB-8; CA A63767)

803 P2d 778

Warren D. Cavitt, Florence, filed the brief *pro se* for petitioner.

No appearance by respondent Employment Division.

No appearance by respondent Comp-U-Print.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., dissenting.

## RIGGS, J.

The Employment Appeals Board ruled that claimant voluntarily left his employment without good cause under ORS 657.176(2)(c) and, therefore, denied him unemployment compensation. We review to determine whether there is substantial evidence to support EAB's findings and whether there is a rational connection between its findings and its conclusions. *Ruiz v. Employment Division,* 83 Or App 609, 611, 733 P2d 51 (1987).

EAB found that, in early May, 1989, claimant's paycheck was returned for non-sufficient funds, but was later made good by employer. On August 31, 1989, claimant received his paycheck and deposited it. On September 14, he learned that the check had not been honored. Employer had forgot to make a deposit. Claimant complained to employer, and employer contacted the bank. However, claimant was unable to get the check honored until after September 18, 1989. He quit because of the problem with the August 30 paycheck.

EAB erred in concluding that claimant voluntarily left work without "good cause" under ORS 657.176(2)(c) and OAR 471-30-038(4).[1] Employer violated ORS 652.120 and ORS 652.110 by failing to pay wages with negotiable funds on the regularly established pay day.[2] It was not the first time

---

[1] ORS 657.176(2)(c) disqualifies an individual from receiving unemployment benefits if he or she "[v]oluntarily left work without good cause[.]" OAR 471-30-038(4) provides:

"Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

[2] ORS 652.120(1) provides:

"Every employer shall establish and maintain a regular pay day, at which date all employees shall be paid the wages due and owing to them."

ORS 652.110 provides:

"No person engaged in any business or enterprise of any kind in this state shall issue, in payment of or as evidence of indebtedness for wages due an employee, any order, check, memorandum or other acknowledgment of indebtedness, unless the same is negotiable, and is payable without discount in cash on demand at some bank or other established place of business in the county where the same is issued, and where a sufficient amount of funds have been provided and are or will be available for the payment of such order, check or other acknowledgment of indebtedness when due."

that employer had paid claimant with a check that was not covered by sufficient funds. No one should be expected to continue working for an employer who pays with bad checks. Leaving employment under such circumstances is for "good cause," and no rational trier of fact could find otherwise.

Reversed and remanded for reconsideration.

**EDMONDS, J.,** dissenting.

In this case, our review is to determine whether there is substantial evidence to support EAB's findings and whether there is a *rational connection* between its findings and its conclusions. *Ruiz v. Employment Division*, 83 Or App 609, 611, 733 P2d 51 (1987). The majority errs, because it substitutes its judgment for that of EAB in determining what is "good cause" under ORS 657.176(2)(c) and OAR 471-30-038(4). The rule provides:

> "Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. *The reason must be of such gravity that the individual has no reasonable alternative but to leave work."* (Emphasis supplied.)

EAB found that claimant was not required to quit his job because, as soon as employer learned about the problem, it contacted the bank and the check was honored. There is a rational connection between EAB's findings and its conclusions.