Argued and submitted March 20, reversed and remanded for reconsideration
April 12, 1995

Bobbie L. TYLER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Allphase Electric,
*Respondents.*

(94-AB-1284; CA A84943)

893 P2d 552

Scott N. Hunt argued the cause for petitioner. With him on the brief was Richard C. Busse.

Jesse Neal Spencer argued the cause and filed the brief for respondent Allphase Electric.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Claimant seeks review of the decision of the Employment Appeals Board (EAB) denying her unemployment compensation benefits. At issue is whether the EAB correctly determined that claimant voluntarily left work without good cause. Claimant contends that the EAB erred, because, among other things, its conclusion does not rationally follow from its findings. We agree with claimant that the EAB's conclusion is inconsistent with its findings. Without reaching claimant's other arguments, we reverse and remand for reconsideration.

The referee concluded that claimant was discharged, but not for misconduct, and allowed benefits. The referee found:

"(1) Claimant worked for Allphase Electric from March 1993 through January 14, 1994. (2) Claimant's final rate of pay was $10 per hour. (3) Claimant was discharged by the employer after an argument. (4) On approximately January 14, 1994, the claimant arranged a meeting with the employer. (5) The claimant thought the employer had improperly handled a bid on a particular contract. (6) Additionally, claimant was upset because the employer had informed her that [her] hourly rate of pay was to be reduced. (8) The claimant insisted the employer had handled the bid improperly. (9) The employer became angry and stood up suddenly. (10) The employer told claimant the conversation was over. (11) The employer told claimant he wanted her out of the office. (12) The claimant wanted to continue working, but she thought she was being fired. (13) She told the employer 'In that case I'd like my check.' (14) The employer instructed his bookkeeper to cut claimant her check. (15) Claimant left work."

The EAB deleted finding (12), that claimant "thought she was being fired." It then made some minor changes to several other findings and adopted the rest. Among the findings that were adopted without change was finding (3), that "[c]laimant was discharged by the employer after an argument." The EAB then concluded that "claimant voluntarily left work without good cause."

Claimant argues that the EAB's decision that "claimant voluntarily left work without good cause" cannot

be squared with its finding that "[c]laimant was discharged by the employer after an argument." Employer argues that the EAB apparently neglected to delete finding (3) when it adopted and modified the findings of the referee.

■ ■    We review the decision of the EAB to determine whether there is substantial evidence to support its findings and whether there is a rational connection between those findings and its conclusions. *Cavitt v. Employment Div.*, 105 Or App 81, 83, 803 P2d 778 (1990). In this case, there is no rational connection between the EAB's finding that "[c]laimant was discharged by the employer after an argument" and its conclusion that "claimant voluntarily left work without good cause." Employer may be correct that the obvious inconsistency is best explained by the EAB's inadvertent failure to delete the finding that claimant was discharged. However, we will not guess about the EAB's intentions. *Swift & McCormick Metal Processors v. Durbin*, 117 Or App 605, 608, 845 P2d 931 (1993).

Reversed and remanded for reconsideration.