Submitted on remand from the Oregon Supreme Court December 12, 1995, reversed and remanded for reconsideration February 21, 1996

In the Matter of the Compensation of
Kerment C. Verner, DCD, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Glenbrook Nickel Co.,
*Petitioners,*

*v.*

Barcy VERNER,
Beneficiary of Kerment C. Verner,
Deceased,
*Respondent.*

(WCB 93-10270; CA A85511)

911 P2d 948

E. Jay Perry argued the cause for petitioners. With him on the brief was Employers Defense Counsel.

James L. Edmunson argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson & Jensen.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a decision of the Workers' Compensation Board awarding benefits to claimant, who is decedent's beneficiary. The issue before the Board was whether decedent's working conditions caused his death. In deciding that they did, the referee relied primarily on the opinion of claimant's expert pathologist.[1] When this case was first before us, we held that there was no substantial evidence to support the factual assumptions that underlay the expert's opinion and that that lack of evidence required reversal of the Board's decision. 135 Or App 551, 899 P2d 751 (1995). The Supreme Court granted review, vacated our decision and remanded the case for reconsideration in light of *Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990). *Liberty Northwest Ins. Corp. v. Verner*, 322 Or 214, 904 P2d 171 (1995). On reconsideration we reverse and remand the case to the Board for further consideration.[2]

In *Garcia*, the issue was whether the claimant's work was the cause of his condition. The referee and the Board discounted the evidence of his physician that there was a work connection and held that the injury was not compensable. On judicial review, we held that their reasons for doing so were based on findings that were not supported by substantial evidence in the record. We therefore reversed and remanded for the Board to reconsider the case. *Garcia v. Boise Cascade Corp.*, 94 Or App 362, 76 P2d 1245 (1988). On its review of our decision, the Supreme Court held that we had gone beyond the limits of substantial evidence review in evaluating the physician's testimony. Instead of determining whether the Board's finding was reasonable in light of the evidence in the record as a whole, we had erroneously substituted our own view of the evidence for the Board's. The court therefore remanded the case for us to reconsider under the proper standard.[3]

---

[1] In its order, the Board adopted the referee's opinion and order on the issues that are relevant on judicial review. We will therefore refer to the orders interchangeably.

[2] Our previous opinion adequately states the facts of this case.

[3] On remand, we affirmed the Board's order. *Garcia v. Boise Cascade Corp.*, 103 Or App 508, 798 P2d 265 (1990).

By citing *Garcia* when it remanded this case, the Supreme Court has indicated that it believes that we may have again substituted our own opinion for that of the Board rather than determining whether there is substantial evidence to support the Board's decision. We have therefore reexamined the record and have again concluded that the referee's opinion does not support his decision. However, we also conclude that the absence of substantial evidence to support part of the basis for the expert's opinion requires a remand for further consideration rather than outright reversal.

The only evidence in the record offered to support a finding that the conditions under which decedent worked led to his death is the testimony of claimant's expert. That testimony was that a combination of an unpleasant odor, heavy physical exertion and excessive heat caused decedent to become ill and nauseated, resulting in a loss of fluids, a severe imbalance in his electrolytes, and the collapse of his cardiovascular system. The expert emphasized that his belief that claimant was working in excessive heat was important to his analysis.

In our previous opinion we noted that, although there was testimony that a part of the dryer in which decedent was working had temperatures of 110 to 115 degrees, the only evidence was that the area in which decedent was working had temperatures of 80 to 85 degrees; the expert said that those temperatures were not excessive. We could also have noted that the referee expressly found that decedent worked "inside a dryer with a temperature of 80 to 85 degrees" and that that finding is supported by substantial evidence. We therefore held, first, that the expert's opinion was based on a crucial assumption, that decedent worked in excessive heat, that is not supported by the record.[4] Second, we held that that opinion could not provide substantial evidence to support the Board's decision. 135 Or App at 555. We adhere to our first holding that one of the expert's basic

---

[4] Unlike *Garcia,* the problem in this case is not the evidentiary support for the Board's factual findings that are related to the basis for the expert's opinion; rather, the problem is the Board's failure to explain the relationship between those findings and its evaluation of that opinion.

assumptions is without evidentiary support. We now believe, however, that our second holding may have exceeded our scope of review. Our first holding, thus, requires us to remand to the Board for reconsideration rather than making the final decision on compensability ourselves.

It is the Board's role to find the facts of a case; we are not to substitute our judgment. ORS 183.482(7). The Board must evaluate the evidence and draw appropriate factual conclusions. However, the Board has not explained why it accepted the expert's opinion of the cause of death despite its express finding that decedent worked in temperatures of only 80 to 85 degrees, which, under the evidence, was not excessive heat. The only attempted explanation is the referee's statement that he found the expert's opinion "well-reasoned and based on a correct history." The referee did not, however, explain how he reached that conclusion in light of the facts, which he also found, that showed that decedent did not work in excessive heat.

The problem with the Board's order, thus, is that it does not explain why the remaining findings of the Board, which are supported by evidence, lead it to the conclusion that it reached. *Drew v. PSRB*, 322 Or 491, 501, 909 P2d 1211 (1996); *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975), *quoted in Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205-06, 752 P2d 312 (1988); *see also The Steel Yard, Inc. v. Natl. Council on Comp. Ins.*, 127 Or App 267, 271, 873 P2d 332 (1994) (Board must articulate a rational connection between the facts that it finds and the legal conclusions that it draws). If the Board decides to accept the expert's opinion despite the inaccuracy of one of his essential assumptions, it must explain why it does so. The Board's order contains no such explanation and, thus, does not satisfy the substantial reason requirement that it show a rational connection between the specific facts that it found and its ultimate conclusion that the expert's opinion was reliable. On remand, it must reconsider its opinion in order to address the relationship between those facts and its ultimate conclusion on the compensability of the claim.

Reversed and remanded for reconsideration.