Submitted on record and briefs January 12, reversed and remanded for reconsideration September 18, 1996

Alma H. DENNIS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Benedictine Nursing Center,
*Respondents.*

(95-AB-1045; CA A89168)

924 P2d 851

Mark K. Grider filed the brief for petitioner.

No appearance for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks judicial review of a decision of the Employment Appeals Board that disqualified claimant from receiving unemployment benefits on the ground that claimant was discharged for misconduct connected with her employment. We reverse and remand.

The board found the following facts that are relevant to our review:

"(1) Claimant was employed by the Benedictine Nursing Center from October 15, 1973, to February 1, 1995. * * * (5) At the time of her discharge, claimant worked as a supervisor on a 26-bed unit, and supervised three or four CNAs [certified nurses aides]. (6) The employer discharged claimant for failing to follow the correct procedure to catheterize a resident by [failing to remove] a swab [from] the resident's vagina.

"(7) On January 30, 1995, as the RN on duty, claimant was responsible for changing the catheter of an elderly, female resident. * * * (10) Claimant knew how to change a catheter and had changed them on prior occasions. (11) Claimant was assisted on January 30 by two CNAs. (12) The resident was combative and had to be restrained by the CNAs. (13) Standard procedure for changing a catheter called for claimant to insert a sterilized swab in the resident's vagina in order to properly and correctly insert the catheter. * * *

"* * * (17) The catheterization procedure took between five and 10 minutes to complete. (18) *Claimant forgot to remove the swab from the resident's vagina.* * * * (21) Claimant had asked the CNAs during the procedure to remind her to remove the swab, but they failed to do so."

(Emphasis supplied.)

Based on those findings, the board concluded, as relevant:

"There was no evidence that claimant wilfully or deliberately failed to remove the swab from the resident's vagina. However, claimant's conduct on January 30, 1995, was wantonly negligent. Claimant knew the correct procedure for catheterizing a resident, including removing the swab

when she was finished. Claimant had catheterized residents before. * * * Claimant was conscious of the requirements for correctly catheterizing a resident. By not taking steps to make certain that she remembered the important task of removing the swab at the end of the procedure, claimant was indifferent to the consequences of her failure to act. Claimant reasonably knew that failing to remove the swab would violate the employer's standards of care for residents."

ORS 657.176 provides the grounds to disqualify a claimant from receiving unemployment benefits. Specifically, subsection (2)(a) disqualifies a claimant if the claimant "[h]as been discharged for misconduct connected with work."

"Misconduct" is defined by OAR 471-30-038(3)(a) as

"a willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee [or an] act or series of actions that amount to a willful or wantonly negligent disregard of an employer's interest[.]"

OAR 471-30-038(1)(b), in turn, defines "wantonly negligent" to mean

"indifference to the consequences of an act or series of actions, or a failure to act or a series of failures to act, where the individual acting or failing to act is *conscious of his or her conduct* and knew or should have know[n] that his or her conduct would probably result in a violation of the standards of behavior which an employer has the right to expect of an employee."

(Emphasis supplied.)

Claimant argues that the board erred in concluding that she was discharged for misconduct, because there is no rational connection between the board's findings and its conclusion on that issue. *See, e.g., Tyler v. Employment Dept.*, 133 Or App 662, 665, 893 P2d 552 (1995); *McCann v. OLCC*, 27 Or App 487, 493, 556 P2d 973 (1976). We agree.

The board concluded that claimant's failure to remove the swab constituted conduct that claimant reasonably knew "would violate the employer's standards of care for residents," which suggests that the failure to remove the

swab was the conduct that disqualified claimant from benefits. The board found, however, that claimant *forgot* to remove the swab, which is a finding that cannot be reconciled with the requirement under the rule that claimant be *conscious* of the conduct in which she engaged.[1]

The board also concluded that claimant failed to take "steps to make certain that she remembered the important task of removing the swab at the end of the procedure." That suggests that the conduct that disqualified claimant from benefits was the failure to take steps to ensure that she removed the swab. The board found, however, that she did take steps to do that, by asking "the CNAs during the procedure to remind her to remove the swab." Furthermore, the board said nothing about whether claimant was *conscious* that she had not taken steps to ensure removal of the swab. It also did not conclude that the failure to take those steps, as opposed to the failure to remove the swab itself, was conduct that claimant knew or should have known would violate the standards of behavior that her employer had a right to expect. *See* OAR 471-30-038(1)(b).

We conclude, therefore, that there is no rational connection between the board's findings and its conclusion that claimant is disqualified from benefits because of misconduct.

Reversed and remanded for reconsideration.

---

[1] The board did conclude that "[c]laimant was conscious of the *requirements* for correctly catheterizing a resident." (Emphasis supplied.) However, consciousness of the employer's *requirements* for conduct cannot be equated with consciousness of the conduct itself. The rule that defines wantonly negligent conduct requires a claimant to be conscious of her conduct *and* to know or be charged with knowing that the conduct falls below "the standards of behavior * * * an employer has the right to expect." *See* OAR 471-30-038(1)(b). The conclusion that claimant knew the requirements for catheretizing residents addresses her knowledge of the relevant standard of behavior, not her consciousness of her conduct.