Argued and submitted December 5, 1997, affirmed February 25, 1998

## J. CLANCY BEDSPREADS & DRAPERIES,
*Petitioner,*

*v.*

## Thomas D. WHEELER
## and Employment Department,
*Respondents.*

## (97-AB-557; CA A97154)

954 P2d 1265

Ronald W. Atwood argued the cause for petitioner. With him on the brief was Ronald W. Atwood, P.C.

Philip Schradle waived appearance for respondent Employment Department.

No appearance by respondent Thomas D. Wheeler.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of Employment Appeals Board (EAB) that reversed the administrative law judge (ALJ) and awarded unemployment benefits to claimant on the ground that he quit for good cause. ORS 657.176(2)(c). We affirm.

EAB made the following findings of fact, all of which are supported by substantial evidence in the record. Claimant worked for J. Clancy Bedspreads & Draperies as a supervisor and drapery installer from June 1988 to August 2, 1996. Claimant had several work-related problems with employer. Most significant to this judicial review is that claimant worked numerous hours of overtime every week for which employer did not pay him. Before he quit, he talked to employer on a number of occasions about not receiving payment for this overtime.

To qualify for unemployment benefits, claimant must prove that he quit work for good cause. ORS 657.176(2)(c). OAR 471-30-038(4) provides that "good cause" for voluntarily leaving work is "such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * The reasons must be of such gravity that the individual has *no reasonable alternative* but to leave work." (Emphasis supplied.) After hearing testimony from only claimant and employer, the ALJ held that claimant had not quit his job for good cause and denied him benefits. The ALJ found that claimant "quit his employment August 2, 1996, primarily because he felt the employer owed him back wages for overtime work he had performed for which he had not been properly paid." The ALJ did not make a specific finding as to whether employer did, in fact, owe claimant overtime wages. Claimant filed a wage complaint with Bureau of Labor and Industries (BOLI) after quitting. The ALJ held that "if claimant was able to file a wage dispute complaint after quitting, it must be wondered why he could not have done the same before quitting. Claimant's failure to try that reasonable alternative prior to quitting deprives him of good cause for quitting when he did." In his opinion, the ALJ made an explicit credibility finding in favor of employer.

Claimant appealed to EAB. On appeal, EAB first remanded the case to the ALJ to take further evidence. Specifically, EAB requested testimony from a witness and coworker, Pam Williams, who claimant asserted would corroborate his testimony about overtime pay. EAB directed the ALJ to take testimony from Williams "both to resolve questions on the issue of the overtime claim and on issues of credibility, generally." Williams testified that part of her job was reviewing the payroll and that she discovered that employer had not paid claimant all of the overtime that he had accumulated. Williams also testified that claimant and employer often argued about the overtime issue. The ALJ made no new findings or explicit credibility determinations after hearing this additional testimony, which corroborated claimant's position.

EAB then considered the new record and specifically found that employer "did not pay claimant all of the overtime which he was entitled to receive." EAB held:

> "Claimant faced a grave situation because the employer failed to pay him all of the overtime which was due and owing to him. * * * A reasonable and prudent person, exercising ordinary common sense, would not continue to work for an employer who violated applicable wage and hour laws, thereby depriving him of overtime wages he was legally entitled to receive."

EAB also held that filing a wage claim with BOLI was not a reasonable alternative to quitting and that claimant had good cause to voluntarily leave work.

■ Employer makes two assignments of error. First, employer argues that EAB erred by not explaining why it had rejected the ALJ's explicit credibility determination, as required by ORS 657.275(2), which provides, in part:

> "Where there is evidence in the record both to make more probable and less probable the existence of any basic fact or inference, the Employment Appeals Board need not explain its decision to believe or rely on such evidence unless the referee has made an explicit credibility determination regarding the source of such facts or evidence."

We have held that ORS 657.275(2) requires EAB to explain its reasoning if it disagrees with an ALJ's explicit credibility

determination. *Coffey v. Employment Dept.*, 147 Or App 649, 655, 938 P2d 805 (1997). However, on the new record, the ALJ made no credibility determinations with regard to the employer or with regard to the additional testimony of Williams. After that additional testimony supporting claimant's counterclaim that employer did owe claimant overtime pay, EAB reversed the decision of the ALJ and held that filing a claim with BOLI was not a reasonable alternative to quitting. Because EAB had a new record before it, different from the record on which the ALJ made his credibility findings, it did not need to explain any disagreement with the ALJ's earlier findings.

■■ Second, employer argues that EAB erred by finding that filing a wage claim with BOLI was not a "reasonable alternative" to quitting. We review for substantial reason, which means that there is a rational connection between the EAB's findings and its ultimate conclusions. *See Liberty Northwest Ins. Corp. v. Verner,* 139 Or App 165, 169, 911 P2d 948 (1996); *Mt. Hood Community College v. Employment Div.,* 101 Or App 314, 318, 790 P2d 1164 (1990).

EAB found that employer refused to pay claimant overtime pay and reasoned that "it would have been futile for claimant to have continued to work for the employer in the hope of resolving their continuing disagreement with regard to overtime pay." Additionally, "[c]laimant could not reasonably have been expected to continue working for the employer for an indefinite period of time while the BOLI complaint was processed." This reasoning provides a substantial basis for EAB's conclusion that filing a wage claim with BOLI while remaining employed was not a reasonable alternative for claimant.

In addition, our decision in *Cavitt v. Employment Div.,* 105 Or App 81, 83, 803 P2d 778 (1990), supports EAB's conclusion. In *Cavitt,* an employee was paid with a check that was not honored by the bank on two separate occasions. Each time the employer subsequently covered the check. We held that, "[n]o one should be expected to continue working for an employer who pays with bad checks. Leaving employment under such circumstances is for 'good cause,' and no rational trier of fact could find otherwise." *Id.* at 84. EAB's conclusion

that claimant had no reasonable alternative but to voluntarily leave work is supported by substantial reason and this court's precedent. EAB did not err.

Affirmed.