Argued and submitted April 21, reversed and remanded for reconsideration
July 8, 2004

In the Matter of the Compensation of
Todd E. Cole, Claimant.

THE BOEING COMPANY,
*Petitioner,*

*v.*

Todd E. COLE,
*Respondent.*

01-06777, 01-01613; A121339

93 P3d 824

Jerald P. Keene argued the cause and filed the briefs for petitioner.

Floyd H. Shebley argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Judge, and Leeson, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board (board) determining that claimant had established that a work-related injury was a material contributing cause of his temporomandibular joint disorder (TMJ). Employer asserted before the board that claimant's work injury combined with a preexisting TMJ condition, the compensability of which must be established under the "major contributing cause" standard of ORS 656.005(7)(a)(B). The board found that the major contributing cause standard did not apply because claimant did not have TMJ before the injury. Employer rejoins that, in making that finding, the board failed to account for unambiguous chart notes indicating that claimant, in fact, was treated for TMJ before the injury. We agree with employer and reverse and remand for reconsideration.

The following facts are not in dispute. While at work, claimant slipped on a metal grate covering a hole in the ground. The pins holding the grate broke, the grate "went vertical," and claimant fell in the hole. On the way down, the grate struck his face. Claimant filed a claim for, among other things, bilateral TMJ misalignment and pain. Employer denied the TMJ claim.

Four physicians expressed opinions on whether claimant's TMJ was caused by the work-related accident. Three of the four expressed negative opinions based on a lack of documented jaw symptoms for a number of weeks after the accident and based on claimant's prior history, which included a prior motor vehicle accident and a tendency to grind his teeth to such an extent as to compromise his jaw joint discs. According to those doctors, the TMJ preexisted the injury that he sustained in the fall at work and was not causally related to it.

The fourth physician, Dr. Puziss, concluded that claimant's TMJ was caused by the work-related fall. In Puziss's report, however, there appear several unexplained contradictory statements. Puziss began by reporting that,

although claimant did have headaches before the work-related fall, "I am not aware of any preexisting TMJ problems." Puziss then supplied several comments concerning the opinions of the other physicians. He noted that "they felt that the jaw findings were not secondary to his falling on the grating, but I disagree with this because the patient did sustain some facial trauma *likely exacerbating the TMJ problems.*" (Emphasis added.) Puziss then added, "I have little else to add, not being a TMJ specialist, *but the fact of the matter is that the patient had some preexisting TMJ problems as I understand it, and they likely worsened*[.]" (Emphasis added.)

Claimant's dentist, Dr. Griffith, also expressed an opinion that, before the work-related fall, claimant had not suffered from TMJ. But in chart notes dated some two years before the fall, the same dentist recommended a mouth guard for treatment of "TMJ pain."

The board found that no TMJ existed before the work-related fall. In making that finding, the board commented that it found the opinions of employer's experts unpersuasive because they relied on an "inaccurate history," that is, because those experts had noted that claimant had a preexisting TMJ condition. According to the board, claimant "did not have a TMJ condition" before the work-related fall. The board cited in support of that finding (1) the fact that claimant testified that he never had that type of jaw problem before the fall, (2) the opinion of his dentist that claimant did not have a TMJ problem before the fall, and (3) the opinion of Puziss that claimant did not have a TMJ problem before the fall.

■ On review, employer contends that, in so finding, the board neglected to consider or address the fact that the reports of both Griffith and Puziss plainly state that claimant suffered from TMJ before the work-related fall. According to employer, the board's failure to address those inconsistencies deprives its order of substantial reason.

■ Our role on review of the board's evaluation of expert medical opinions is to determine whether the evaluation is supported by substantial evidence, that is, evidence that, considering the record as a whole, would permit a reasonable person to make the findings. ORS 183.482(8)(c); *Armstrong v.*

*Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). To be supported by substantial evidence, however, the board's opinion must include a "sufficient explanation to allow a reviewing court to examine the agency's action." *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997). Among other things, that means that, when there are inconsistencies in an expert's testimony, the board must provide an explanation as to the basis for its reliance on that testimony. *See, e.g., SAIF v. Bryant*, 173 Or App 402, 407, 21 P3d 1104 (2001) (board has the authority to interpret ambiguous medical reports, but it must provide sufficient explanation of its interpretation to meet the test of substantial reason); *SAIF v. January*, 166 Or App 620, 626, 998 P2d 1286 (2000) (board's decision not supported by substantial reason where board relied on expert's opinion but failed to acknowledge and reconcile a subsequent and inconsistent opinion from the same expert); *Liberty Northwest Ins. Corp. v. Verner*, 139 Or App 165, 169, 911 P2d 948 (1996) (board's decision accepting expert's opinion without explaining inaccuracies not supported by substantial reason).

In this case, the determinative factual issue is whether claimant suffered from TMJ before his fall at work. The board found that claimant had not suffered from TMJ before, based on the reports of Griffith and Puziss. Both reports, however, expressly state that, in fact, claimant did have TMJ before the fall. The board's order says nothing about those aspects of the reports, much less provides an explanation for the inconsistencies. There may well be explanations for the various statements that appear in the medical records; that is not for us to decide on review. The fact remains that the board has not yet addressed that matter. It must do so on remand.

Reversed and remanded for reconsideration.