Argued and submitted October 6, 2004, reversed and remanded for reconsideration
February 2, 2005

In the Matter of the Compensation of
Steven R. Cummings, Claimant.

Steven R. CUMMINGS,
*Petitioner,*

*v.*

SAIF CORPORATION
and Emerald Valley Auto Parts, Inc.,
*Respondents.*

03-00997; A122799

105 P3d 875

Dale Johnson argued the cause for petitioner. On the brief was Michael Warshafsky.

David L. Runner argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Schuman and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (board) upholding SAIF corporation's denial of his claim for compensation for a combined low back condition. We reject, without discussion, all of claimant's arguments with the exception of those pertaining to the persuasiveness of a medical report prepared by Dr. Richard Matteri. Because we agree with claimant that the board's explanation for upholding the denial based on Matteri's insurer medical evaluation (IME) is not supported by substantial reason, we reverse and remand for reconsideration.

The facts are largely undisputed. In early December 2002, claimant injured his lower back while working at an auto parts store in Springfield. An emergency room physician diagnosed claimant with a lumbar strain and released him to modified work. On December 10, claimant filed a claim for a lumbar strain. On January 16, 2003, Matteri performed an IME. In his written report, Matteri concluded that claimant had suffered a work-related lumbosacral strain; that that strain had combined with a preexisting lumbar disc degenerative disease; and that the preexisting degenerative condition was the major contributing cause of claimant's disability and need for treatment. Matteri's report included the following responses to questions posed by SAIF's claims adjuster:

> "1.  * * * **Please include a full description of the work and off-work activities, relevant medical history, and the onset of symptoms.**
>
> * * * [Claimant] does have a significant past medical history that includes a herniated nucleus pulposus (and presumably attendant lumbar disc degenerative disease).
>
> "* * * * *
>
> "4.  **Please review all diagnostic studies that you have received. Please identify those studies and discuss the relationship of the findings to Mr. Cummings's current condition.**
>
> No diagnostic studies have been ordered and no diagnostic studies have been performed subsequent to Mr. Cummings's December 5, 2002 work

exposure. Presumably, he does have older diagnostic studies antedating his work exposure. These were not available for review today.

**"5. Does the worker have any pre-existing conditions that existed prior to the December 5, 2002 injury? If so, what are those conditions and the etiology of each?**

Mr. Cummings has a prior history of lumbar disc disease.\* \* \*

*It can be assumed with medical probability that there is some degree of lumbar disc degenerative disease associated with the operated level,* and possibly at other levels, as well.

*However, absent any recent imaging studies, I am not able to comment on this further with assurance.*

**"6. Is the pre-existing condition you have identified arthritis or an arthritic condition? If yes, please explain.**

As I have stated, *I suspect that Mr. Cummings does have lumbar degenerative disc disease, most certainly at the previously operated level.* Lumbar disc degenerative disease is frequently associated with secondary osteoarthritis. However, once again I cannot comment on this until x-rays have been obtained and I have had the opportunity to review them.

**"7. \* \* \* [D]id the existence of the pre-existing conditions cause or prolong disability, or the need for treatment resulting from the injury?**

I believe that the major part of Mr. Cummings's current condition is the result of combining with his pre-existing lumbar disc degenerative disease. Furthermore, it is probable that the existence of the pre-existing condition did in fact cause and prolong Mr. Cummings's need for treatment resulting from his injury.

**"8. If the pre-existing condition combined with the December 5, 2002 work injury, are the**

> **pre-existing conditions the major (more than 50 percent) contributing cause of the total combined condition, disability, or need for treatment?** * * *
>
> In my opinion, Mr. Cummings's pre-existing laminectomy at L5-S1 and subsequent lumbar disc degenerative disease are the major (more than 50 percent) contributing cause of his total combined condition, disability, and need for treatment."

(Italics added; boldface in original.)

On January 20, Dr. Scott Kitchel, claimant's attending physician, diagnosed a lumbar strain. On January 22, SAIF denied the claim "based in part" on Matteri's IME, noting that Kitchel had not yet "commented on the findings" in Matteri's report. Kitchel eventually did so; on March 6, Kitchel concurred with the "diagnosis(es), findings, tests, medically stationary date, work release and opinions and discussion as expressed in the report[.]" However, in an April 10 letter to claimant's attorney, Kitchel "clarified" his concurrence with the IME, stating that his "concurrence was based upon [an] assumption which I now learn to be false."[1] Kitchel then rendered the opinion that, while claimant's "recent strain combined with his underlying lumbar degenerative disease[,] * * * it is the lumbar strain which is the major contributing cause to his current need for this short course of treatment."

Following a hearing, the administrative law judge (ALJ) approved SAIF's denial. As pertinent here, on review to the board, claimant argued that Matteri's opinion was insufficient to sustain SAIF's burden of proof under ORS 656.266(2)(a). ORS 656.266 provides, in part:

> "(1) The burden of proving that an injury or occupational disease is compensable and of proving the nature and extent of any disability resulting therefrom is upon the worker. The worker cannot carry the burden of proving that an injury or occupational disease is compensable merely by

---

[1] According to Kitchel, the "false" assumption was that claimant "was to be allowed the four to six weeks of active physical therapy and stabilization that Dr. Matteri had recommended."

disproving other possible explanations of how the injury or disease occurred.

> "(2) Notwithstanding subsection (1) of this section, for the purpose of combined condition injury claims under ORS 656.005(7)(a)(B) only:

> "(a) Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

In particular, claimant asserted that, because Matteri had not reviewed any records regarding the extent of claimant's preexisting condition, he could not reliably determine whether the December 2002 lumbar strain or the preexisting degenerative disease was the major contributing cause of his need for treatment. The board rejected that argument, pointing to Matteri's explanation that "claimant had a significant history of a herniated nucleus pulposus and [Matteri's belief that] there was lumbar degenerative disease associated with the previous surgical level at L5-S1."[2] The board concluded that, "based on Dr. Matteri's report, SAIF has sustained its burden of proving that claimant's December 2002 injury was not the major contributing cause of his combined back condition, need for treatment or disability."

■    On judicial review, claimant argues, as he did to the board, that SAIF did not meet its burden of proof under ORS 656.266(2)(a). That is so, claimant asserts, because Matteri's opinion that claimant's preexisting degenerative disease, and not the work-related strain, was the major contributing cause of claimant's disability or need for treatment did not address the extent or severity of the preexisting condition:

> "Dr. Matteri did not weigh the relative contributions of the pre-existing disease versus the work-related injury; how could he when he acknowledged that he did not review the imaging studies and did not know the extent of the pre-existing condition? His major cause opinion does not satisfy

___

[2] The board also found that Kitchel failed to explain "his change of opinion" and, accordingly, attributed "little weight" to Kitchel's report.

the requirements of *Dietz v. Ramuda*, 130 Or App 397, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995).

"* * * * *

"Although these issues were raised by Claimant, the Board failed to address any of them. The Board must explicitly state and explain what evidence supports its conclusions. * * * The Board inexplicably disregards the fact that Dr. Matteri's report is conclusory, speculative, and not based on relevant, reliable medical evidence. To meet the test of substantial reasoning the Court must be able to discern the rationale for the decision."

(Citation omitted.) We agree.

In assessing the major contributing cause of a combined condition, ORS 656.005(7)(a)(B) requires "a comparison of the relative contribution of the preexisting disease or condition and the work-related incident." *Dietz*, 130 Or App at 401 (internal quotation marks omitted).[3] A combined condition is compensable if, after "evaluating the relative contribution of different causes of an injury," the work-related incident is found to be "the *primary* cause." *Id.* (citations omitted; emphasis in original). Typically, we will affirm the board's findings regarding competing expert opinions when there is substantial evidence to support those findings. *Dillon v. Whirlpool Corp.*, 172 Or App 484, 489, 19 P3d 951 (2001). However, the board's findings must be supported by substantial reason. As we recently explained:

"Our role on review of the board's evaluation of expert medical opinions is to determine whether the evaluation is supported by substantial evidence, that is, evidence that, considering the record as a whole, would permit a reasonable person to make the findings. ORS 183.482(8)(c); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d

---

[3] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

312 (1988). To be supported by substantial evidence, however, the board's opinion must include a 'sufficient explanation to allow a reviewing court to examine the agency's action.' *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997)."

*The Boeing Company v. Cole*, 194 Or App 120, 123-24, 93 P3d 824 (2004).

Here, Matteri "suspected" and "assumed with medical probability that there is *some degree* of lumbar disc degenerative disease associated with the [L5-S1] level." *See* 197 Or App at 315 (emphasis added). However, Matteri did not order any new diagnostic studies and did not review any of the "older diagnostic studies antedating [claimant's] work exposure." *See* 197 Or App at 314-15. Claimant contends, not implausibly, that Matteri's failure to consider, much less to address, the *extent*—and not merely the existence—of claimant's preexisting degenerative disease, substantially subverts the persuasiveness of Matteri's opinion.

The board did not address that apparent deficiency—which goes, ultimately, to the core of the board's reliance on Matteri's opinion. We remand for the board to do so. *See The Boeing Company*, 194 Or App at 124; *Kenimer v. SAIF*, 183 Or App 131, 137, 51 P3d 632 (2002) ("We cannot review for substantial evidence if we cannot discern an agency's rationale."); *Christman v. SAIF*, 181 Or App 191, 197, 45 P3d 946 (2002) (board must provide a "reasoned opinion" for this court to review for substantial evidence).

Reversed and remanded for reconsideration.