Argued and submitted December 19, 2005, affirmed May 3, 2006

In the Matter of the Compensation of
Fred E. Hardin, Sr., Claimant.

BI-MART CORPORATION,
*Petitioner,*

*v.*

Fred E. HARDIN, Sr.,
*Respondent.*

03-01711, 02-08009; A126481

134 P3d 1087

Thaddeus J. Hettle argued the cause and filed the briefs for petitioner.

Christopher Moore argued the cause for respondent. On the brief was Christine Jensen.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

**LANDAU, P. J.**

Employer seeks review of an order of the Workers' Compensation Board, contending that the board erred in determining that employer had not met its burden of proof under ORS 656.266(2)(a) to show that claimant's compensable injury is no longer the major contributing cause of the disability and need for treatment of his combined condition. Specifically, employer asserts that the board erred in rejecting as unpersuasive the only medical opinions concerning the cause of claimant's current symptoms. We conclude that the board did not err and affirm.

The following facts are uncontested. Claimant suffered an injury at work in February 2002, when he twisted his back while climbing out of employer's truck. He immediately began to suffer pain in his low back, buttocks, and left leg. Drs. Kitchel and Dietrich examined claimant and concluded that, despite preexisting degenerative disease, claimant's symptoms were most likely due to nerve entrapment in the back, caused by claimant's work injury. Kitchel treated claimant with epidural injections, which provided only short-term relief.

Employer initially accepted the claim as a disabling lumbar strain. It later modified its acceptance to include a combined condition and notified claimant that the accepted condition was a "lumbar strain that combined with a preexisting L3-4 and L4-5 lumbar stenosis and degenerative disc disease."

During an examination, Dietrich identified possible vascular disease in claimant's leg, which he thought could account for claimant's leg pain. That diagnosis was confirmed, and claimant underwent surgery for peripheral vascular disease, a noncompensable condition, in September 2002. Claimant's leg symptoms improved, but were not eliminated, and he continued to have pain in his leg, back, and buttocks. Kitchel and Dietrich nonetheless both expressed the opinion that claimant's compensable back strain had resolved and had become medically stationary as of August 16, 2002, and that as of that date, the major contributing

cause of claimant's disability and need for treatment was his preexisting degenerative low-back condition.

Claimant continued to suffer from pain in his left leg, low back, and buttocks, prompting Kitchel to order a new MRI in November 2002. In December 2002, Kitchel expressed the opinion that the MRI scan did not show any significant disc herniation or nerve root compression and that claimant would not benefit from surgical treatment of his back. Kitchel recommended that claimant have a physical capacities examination for claim closure and stated that claimant would be medically stationary as of the date of the examination. Employer issued a denial of claimant's current condition and closed the claim. Claimant requested a hearing.

Following a hearing, the ALJ issued an order concluding that employer had failed to meet its burden of proof that the accepted injury was no longer the major contributing cause of claimant's disability and need for treatment of the combined condition. The board affirmed. The board explained that Kitchel and Dietrich provided the only medical opinions concerning the cause of claimant's disability and need for treatment, but that it did not find either opinion persuasive. The board gave several reasons for that evaluation.

As to Kitchel, the board found that he had first stated that claimant's symptoms were related to the back injury; then, after claimant's vascular surgery, without explanation, Kitchel determined that claimant's continued back symptoms were related to the preexisting condition.[1] Adding to the uncertainty, Kitchel initially stated that claimant's injury was medically stationary as of August 16, 2002,

---

[1] Claimant's counsel asked:

"If he wasn't symptomatic due to his preexisting condition then before the February 1, 2002, injury, and if he remains symptomatic with regard to the back pain and in August continued to recount the same problems that he had had before and they had been persistent ever since the injury, then what's the explanation?

"A. [Kitchel] Again the explanation in my mind is that he took a symptom-free, underlying degenerative disease and made it symptomatic with his sprain or strain, but his symptoms are really coming from that underlying degenerative disease now and the injury in no way caused that underlying degenerative disease. They simply rendered it symptomatic."

but subsequently expressed the view that claimant's back injury would be medically stationary in December 2002. The board was also critical of Kitchel's reliance on general assumptions concerning the progress and resolution of low back strains, rather than on the specific circumstances of claimant's condition.[2]

The board explained that it rejected Dietrich's opinion of the causation of claimant's current symptoms because it was based on an inaccurate history—specifically, the incorrect assumption that, after vascular surgery, claimant's back symptoms had resolved. The board found that, contrary to Dietrich's opinion, the medical record showed that claimant's low back symptoms, including pain in his left leg, had not resolved after the vascular surgery.

Having found that both medical opinions were unpersuasive, the board concluded that employer had not carried its burden of proving that claimant's "otherwise compensable" February 2002 lumbar strain is no longer the major contributing cause of the disability or need for treatment of his combined condition. On reconsideration, the board adhered to its order.

■    On judicial review, employer asserts that the board's order is not supported by substantial evidence and that, in rejecting the only medical opinions in the record, the board mistakenly substituted its opinion for that of the medical experts concerning the cause of claimant's current disability and need for treatment.

■■    ORS 656.266(2)(a) provides:

"Once the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer,

---

[2] In deposition, claimant's attorney asked Kitchel, "[H]ow can you say that there is no contribution or that the major contributing cause has changed from being the industrial injury to being the preexisting condition?" Kitchel responded:

"Well, my interpretation of the injury is a muscle and ligament and soft tissue injury; and from what we understand about physiology and healing of those sorts of injuries, those take maybe a minimum of six weeks or so to heal up, to a maximum of nine months, sometimes even maybe occasionally as long as a year. But that's what I believe [claimant] suffered at the time of his injury."

the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, in the case of a combined condition, the employer has the burden to prove that the claimant's compensable injury is no longer the major contributing cause of the disability and need for treatment of the combined condition. *See Coleman v. SAIF,* 203 Or App 442, 125 P3d 845 (2005); *Cummings v. SAIF*, 197 Or App 312, 105 P3d 875 (2005). We review the board's determination whether employer met that burden of proof for substantial evidence. *Id.* at 318.

We conclude that the board's findings and explanation as to the persuasiveness of the medical opinions are supported by substantial evidence and substantial reason. The board did not make an independent assessment of causation. Rather, the board evaluated the medical opinions and determined for the reasons it explained that each opinion was unpersuasive. The board therefore did not err in concluding that employer failed to satisfy its burden of proof under ORS 656.266(2)(a) to show that claimant's compensable injury is no longer the major contributing cause of claimant's disability and need for treatment.

Affirmed.