Argued and submitted May 21, 2014, affirmed January 22, 2015

In the Matter of the Compensation of
Shawn C. Ryan, Claimant.

Shawn C. RYAN,
*Petitioner,*

*v.*

WEYERHAEUSER,
*Respondent.*

Workers' Compensation Board
1104121; A152555

342 P3d 1100

Christopher D. Moore argued the cause for petitioner. On the briefs was Allison B. Lesh.

John M. Pitcher argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.*

PER CURIAM

■

---

* Flynn, J., *vice* Wollheim, S. J.

## PER CURIAM

Claimant seeks reversal and remand of the Workers' Compensation Board's determination that employer met its burden under ORS 656.266(2)(a) to prove that claimant's "otherwise compensable injury" is not the major contributing cause of his disability or need for treatment. Claimant argues that the board's decision is not supported by substantial evidence or substantial reason. *See* ORS 183.482(8)(c). We disagree and, therefore, affirm.

As we have explained, "[i]n assessing the major contributing cause of a combined condition, ORS 656.005(7)(a)(B) requires 'a comparison of the relative contribution of the preexisting disease or condition and the work-related incident.'" *Cummings v. SAIF*, 197 Or App 312, 318, 105 P3d 875 (2005) (quoting *Dietz v. Ramuda*, 130 Or App 397, 401, 882 P2d 618 (1994), *rev dismissed*, 321 Or 416 (1995)). Here, the board credited the opinions of employer's three medical experts, all of whom opined that claimant suffered from a preexisting degenerative disc disease that was the major contributing cause of the L4-5 disc herniation for which claimant required surgery following his work injury.

Claimant contends, however, that those opinions do not constitute substantial evidence, and that the board's decision to credit them lacks substantial reason, because employer's experts reviewed only an MRI report to evaluate claimant's preinjury condition. Claimant relies on our decision in *Cummings*, in which we remanded for the board to address an "apparent deficiency" in the opinion of an expert who "assumed" and "suspected" that the claimant had a preexisting condition but did not review *any* preinjury records before offering an opinion that the claimant's preexisting condition was the major cause of his combined condition. 197 Or App at 319.

Here, unlike in *Cummings*, employer's experts did not simply speculate about claimant's preexisting condition. The preinjury MRI report documents the nature of claimant's preexisting degenerative low back changes, including at the level of his eventual disc herniation. Although claimant argues that the experts needed to review the actual diagnostic films or preinjury chart notes to "reliably" evaluate

the extent of claimant's preexisting condition, neither claimant's expert nor any other evidence in the record suggests that the MRI films materially differed from the MRI report or that the MRI findings were inaccurate. On the record in this case, substantial reason supports the board's finding that the opinions of employer's experts are more persuasive than those of claimant's expert.

Affirmed.