No. 7          January 7, 2026          429

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Eric R. Krusenstjerna,
Claimant.

SAIF CORPORATION
and Holte Manufacturing Co.,
*Petitioners,*

*v.*

Eric R. KRUSENSTJERNA,
*Respondent.*

Workers' Compensation Board
2305180;
A185508

Argued and submitted November 17, 2025.

Michelle L. Shaffer argued the cause and filed the briefs for petitioners.

Aaron Clingerman argued the cause for respondent. Also on the brief was Dunn and Roy.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

SAIF Corporation (SAIF) and Holte Manufacturing Company seek judicial review of a Workers' Compensation Board (board) order that approved an ALJ's order awarding a penalty and attorney fees for a claim closure that the board deemed "unreasonable." *See* ORS 656.268(5)(f) (requiring a penalty to be assessed if "a finding is made * * * that the notice of closure or refusal to close was not reasonable"). SAIF contends that its decision to close the claim based on the attending physician's assessment that claimant was medically stationary was reasonable and that the board's conclusions otherwise are not supported by substantial evidence and reasoning. We agree and reverse and remand.

The relevant facts are few. Claimant suffered a right-hand injury at work. Dr. Campion was his treating physician. She performed a surgery on his hand and following that, SAIF accepted a claim for injury to claimant's hand, specifically, an injury to two fingers on his right hand.

In May 2023, Campion met with claimant. Claimant had started using his hand normally and, while he was still "somewhat bothered by numbness," he felt like his symptoms were improving over time. Campion released him to work without restrictions. She explained to claimant that the sensation in his fingers "may continue to improve over the course of a year, but he will notice small increments in improving sensation over time." She told claimant to follow up in one month and planned a closing exam.

Campion conducted a closing exam in August 2023. She noted that claimant felt like he had "made a plateau in progress" and that he was still somewhat bothered by numbness. Claimant relayed that he felt his symptoms were improving over time. Campion declared that claimant had reached maximum medical improvement and was medically stationary. She did not anticipate the need for "any future treatment" and although claimant suffered some impairment, Campion was "hopeful that his motion and strength will continue [to] improve over time as he returns to normal functioning."

Campion, in a work status note filled out the same day as the closing examination, noted that claimant was medically stationary and could continue to work without restrictions.

Also on the same day as the closing examination, Campion filled out SAIF's closing examination questionnaire. She provided impairment findings and stated that "all of the accepted conditions [are] medically stationary." Campion also indicated that she did not anticipate the need for additional medical treatment in the future.

Shortly thereafter, SAIF issued a notice of closure. *See* OAR 436-030-0020(1) (requiring claim closure within 14 days where the medical information establishes that "there is sufficient information to determine the extent of permanent disability and indicates that the worker is medically stationary"); ORS 656.005(17) (defining "medically stationary" to mean that no further "material improvement" would "reasonably be expected" from medical treatment or the passage of time). SAIF concluded that claimant was entitled to a two percent whole person impairment, which resulted in a permanent partial disability award.

Claimant sought reconsideration of the closure, arguing that the closure was premature. The Appellate Review Unit (ARU) agreed. The ARU reasoned as follows:

- In her notes during the August 2023 closing exam, Campion noted that claimant's functioning "could continue to improve over time * * *."

- In her May 2023 chart notes, Campion indicated that claimant's sensation "*may* continue to improve" over time and that claimant "would notice small increments in improving sensation over time" (emphasis added);

- Because "medically stationary" means that no further material improvement would reasonably be expected, Campion's observations that claimant's impairment *may* improve over time made it "unclear" that claimant was medically stationary at the time of closure.

The ARU accordingly concluded that SAIF had closed the claim prematurely and rescinded the closure. No party challenged that order.

Claimant then sought a penalty under ORS 656.268(5)(f), asserting an unreasonable closure, and related attorney fees under ORS 656.382(1). The ALJ agreed that SAIF's closure was unreasonable because, "as the ARU concluded," Campion's opinion "supported that his sensation and motion *would* improve over time. Therefore, the record was unclear as to whether claimant was in fact medically stationary at the time of closure." (Emphasis added.) Given that "uncertainty," the ALJ concluded that "it was not reasonable for SAIF to conclude that there was sufficient information on which to close the claim."

SAIF sought review by the board, which adopted and affirmed the ALJ's order. SAIF has, as noted above, petitioned for judicial review. It contends that the board's conclusion that SAIF's closure was not reasonable is unsupported by substantial evidence and substantial reason.

We start with the constellation of administrative rules and statutes that govern the question presented on appeal. An insurer is required to close a claim when a worker is "medically stationary." OAR 436-030-0020(1)(a). "Medically stationary," in turn, means that no further "material improvement" would "reasonably be expected" from medical treatment or the passage of time. ORS 656.005(17). A claimant can challenge the closure, as claimant here did, on the ground that the closure is premature because the accepted condition was not yet medically stationary. ORS 656.268(1)(a), (6)(a)(C); OAR 436-030-0135(3). And, if a claimant's challenge is successful and the ARU rescinds the closure, a claimant may seek a penalty under ORS 656.268(5)(f) and attorney fees under ORS 656.382(1). ORS 656.268(5)(f) requires assessment of a penalty where a notice of closure was "not reasonable":

> "If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close

was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

As we have explained in the context of a denial of a claim, the question of reasonableness turns on whether the insurer had a legitimate doubt as to the propriety of the denial. *Brooks v. Tube Specialties - TCSO International*, 300 Or App 361, 366, 455 P3d 938 (2019), *rev den*, 366 Or 257 (2020). In assessing reasonableness here, the board must consider the information that was available to the insurer at the time that it issued the notice of closure and whether it reasonably believed that conditions appropriate for closure existed at that time. *Id.*

With the relevant law so framed, we turn to SAIF's contentions on appeal. SAIF first argues that the board's finding that Campion's opinion that claimant was expected to improve over time is unsupported by substantial evidence. In particular, SAIF observes that the board's conclusion that "as the ARU concluded," Campion's opinion supported that claimant's "sensation and motion *would* improve over time" is unsupported by the record. (Emphasis in original.)

We agree. The ARU did not conclude that claimant's condition "*would*" improve over time. Rather, the ARU noted that Campion had said that his condition "*may*" improve over time. (Emphasis added.)

Properly framed, then, the question is whether the board correctly concluded that the notice of closure was not reasonable because Campion believed that claimant's condition *could* or *may* improve over time. Whether SAIF's conduct was "unreasonable such that attorney fees or penalties are warranted involves both legal and factual questions." *Providence Health System v. Walker*, 252 Or App 489, 505, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013); *see also* ORS 183.482(8)(a), (c) (reviewing legal issues for errors of law and factual issues for substantial evidence); *SAIF v. Harrison*, 299 Or App 104, 105, 448 P3d 662 (2019) (reviewing for substantial evidence necessarily includes review for substantial reason).

The extent of the board's reasoning (by virtue of adopting the ALJ's reasoning) was simply that it was "unclear" whether claimant was in fact medically stationary at the time of closure. But the board did not endeavor to explain why that lack of clarity renders SAIF's closure "unreasonable." As set forth above, a claimant is medically stationary if no further "material improvement" would "reasonably be expected" from medical treatment or the passage of time. ORS 656.005(17). Although Campion believed that claimant *may* improve over time, she also repeatedly stated that claimant was medically stationary. While the ARU concluded that that conclusion was incorrect—a conclusion that SAIF accepts—an incorrect conclusion of medically stationary is not the same as unreasonable claim closure. Stated slightly differently, a reasonable factfinder could conclude that SAIF did have a legitimate doubt about its liability because it believed that Campion's statements that claimant might or could experience improvement did not factually negate her repeated statements that he was medically stationary. Indeed, claimant himself acknowledges that "[a]t best, SAIF has proved that the information that it had available to it at the time of the closure was unclear and capable of more than one interpretation."

On this record then, the board opinion lacks substantial evidence and substantial reason. *Liberty Northwest Ins. Corp. v. Verner*, 139 Or App 165, 169, 911 P2d 948 (1996) (explaining that the board must articulate a rational connection between the facts that it finds and the legal conclusion that it draws from those facts). The board's findings of fact contain an incorrect view of the record and do not sufficiently explain why SAIF's view of Campion's statements was not reasonable. If the information available to SAIF about claimant's medically stationary status at the time of closure was capable of more than one reasonable interpretation, and SAIF picked one of those reasonable interpretations, SAIF's interpretation should not be deemed unreasonable.

Reversed and remanded.