Argued and submitted June 18, 1999, reversed and remanded for reconsideration
April 19, 2000

In the Matter of the Compensation of
Edward M. January, Claimant.

SAIF CORPORATION
and St. Helen's Roofing and Construction,
*Petitioners,*

*v.*

Edward M. JANUARY,
*Respondent.*

(WCB 96-08893; CA A100221)

998 P2d 1286

David L. Runner argued the cause and filed the brief for petitioners.

James O. Marsh argued the cause for respondent. With him on the brief was Carney, Buckley, Kasameyer & Hays.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

Employer seeks judicial review of a Workers' Compensation Board (Board) order allowing claimant's aggravation claim. *See* ORS 656.273(1). The issue is whether claimant carried his burden to establish an "actual worsening" of his condition. As framed on review, that issue encompasses the legal question of whether claimant presented the type of evidence required to satisfy the "actual worsening" requirement, as well as the factual question of whether the Board's finding of an "actual worsening" in this case is supported by substantial evidence. We conclude that the evidence on which the Board relied satisfies the legal standard for an aggravation. We also conclude, however, that we cannot meaningfully determine whether the Board's order is supported by substantial evidence because the Board failed to sufficiently explain its reliance on the particular medical opinion that it found persuasive. We reverse and remand for reconsideration.

Claimant, a roofer, was injured in 1994 when he fell while working on a roof. SAIF accepted a claim for multiple injuries, including a lumbar strain. That claim was closed in July 1995, with scheduled permanent partial disability awards for some of claimant's injuries but without an award of permanent disability for the lumbar strain. In May 1996, claimant experienced increased back pain while he was pulling nails with a hammer at work. Claimant subsequently filed a claim for aggravation of the original lumbar strain. Employer referred the matter to SAIF, which denied the claim on the ground that no "actual worsening" had occurred.

Claimant requested a hearing before an administrative law judge (ALJ) and, at the hearing, presented evidence of his treating physician's opinion that his "increased symptoms" represented a temporary worsening of his condition. The ALJ upheld SAIF's denial, and claimant sought Board review. The Board reversed the ALJ's order, determining that claimant's evidence satisfied the "actual worsening" requirement. As a predicate to its finding of an actual worsening, the Board first observed:

"It stands to reason that what constitutes a 'pathological worsening' depends on the nature of the compensable condition. For example, what constitutes a pathological worsening of a strain is not the same as what constitutes a pathological worsening of a herniated disc. * * * At issue in this aggravation claim is whether or not the accepted lumbar strain condition has compensably worsened."

(Underscoring in original.) Reviewing the evidence, the Board observed that the medical experts disagreed as to whether claimant's compensable lumbar strain condition had worsened. One of the independent medical examiners who examined claimant for the insurer concluded that claimant had suffered only a symptomatic flare-up of his lower back pain. In contrast, claimant's treating physician, Dr. Kelly, stated affirmatively that the increased symptoms represented a temporary worsening of the lumbar strain. Specifically, claimant's attorney sent a "check the box" letter to Kelly posing the following question:

"In your opinion, in a situation such as this where the accepted condition is one of 'lumbar strain,' do the increased symptoms which [claimant] experienced in the lumbar region following the 5/22/96 incident represent a worsening, although perhaps only a temporary worsening, of that chronic lumbar strain?"

Kelly responded by circling the words "temporary worsening" and by checking the box marked "yes." Relying on that opinion by Kelly, the Board found that claimant had suffered an aggravation of his compensable condition.

■ On review, SAIF first challenges the legal standard that the Board applied in this case. SAIF asserts that, to prevail, claimant had to demonstrate an actual worsening by showing a "change in the tissues." According to SAIF, the Board relaxed claimant's evidentiary burden due to the nature of the injury (a "strain") and permitted claimant to prevail on medical testimony that inferred a worsening based on an increase in symptoms only, without demonstrating a physiological change in the compensable condition. SAIF concedes that it may be more difficult to demonstrate a physiological change for a strain than for a herniated disc but argues that the legal standard nevertheless requires a medical expert to do so.

624

In *SAIF v. Walker*, 330 Or 102, 996 P2d 979 (2000), the Supreme Court examined the legal standard for an aggravation in light of the 1995 amendments to the statute. The court reviewed at length the meaning of the legislature's requirement in ORS 656.273(1) that a "worsened condition" be established by "medical evidence of an actual worsening of the compensable condition." The court held that:

> "[E]vidence of worsened symptoms, while relevant, is not sufficient by itself to meet the proof standard created by ORS 656.273(1) (1995). However, * * * a physician may rely upon that kind of evidence in determining whether the compensable condition has worsened and in opining on that question to the factfinder or to the Board. In other words, the 'medical evidence * * * supported by objective findings' that is required under ORS 656.273(1) (1995) and ORS 656.273(3) to prove an 'actual worsening of the compensable condition' may include a physician's written report commenting that the worker's worsened symptoms demonstrate the existence of a worsened condition."

*Id.* at 118.

■ The Supreme Court's decision in *Walker* directly answers SAIF's contention in this case. Contrary to SAIF's position, a symptomatic worsening may meet the proof standard for an actual worsening if a medical expert concludes that the "symptoms demonstrate the existence of a worsened condition." *Id.* To be sure, evidence of a symptomatic worsening, in and of itself, does not permit a factfinder to infer an actual worsening. *See id.* at 119 (noting that the ALJ applied improper legal standard by inferring an actual worsening from evidence of symptomatic worsening). But if *medical* evidence—*i.e.*, a physician's expert opinion—establishes that the symptomatic worsening represents an actual worsening of the underlying condition, such evidence may carry the worker's burden. That is precisely the opinion that claimant's treating physician provided in this case. Whether that opinion is persuasive was for the Board to determine. But in all events, a medical expert's opinion that an increase of symptoms signifies an actual worsening of a particular compensable condition satisfies the actual worsening standard.

■ SAIF raises a second challenge to the Board's reliance on Kelly's opinion. SAIF points out that it wrote Kelly asking her if she agreed that, when she examined claimant,

claimant was experiencing "a temporary and acute waxing and waning of symptoms * * * and that you were providing care to stabilize this waxing and waning." Kelly circled the preprinted "I agree" statement on the letter. SAIF argues that the opinion expressed in Kelly's answer undermines her earlier opinion that there was an actual worsening. SAIF therefore contends that the Board was not entitled to rely on Kelly's earlier opinion even if, in isolation, it might otherwise be adequate to support the Board's aggravation determination.

The two opinions provided by Kelly do, in fact, have different legal significance in this context. Under ORS 656.245(1)(c)(L), a worker whose condition is medically stationary is entitled to "[c]urative care provided * * * to stabilize a temporary and acute waxing and waning of symptoms of the worker's condition." The statute does not provide for further disability compensation—*i.e.*, time off work, loss of use, and loss of earning capacity. Thus, claimant was entitled only to "curative care" unless he could demonstrate an actual worsening of his condition. Here, Kelly gave one opinion that potentially would satisfy the "actual worsening" requirement of ORS 656.273(1) and a second opinion that potentially would mean that claimant was entitled only to curative care under the "waxing and waning" provision of ORS 656.245(1)(c)(L).

■ SAIF assumes that the net effect of the two opinions provided by Kelly is that the second opinion somehow nullifies the first, with the result that Kelly's opinion of an actual worsening "simply is not there." We do not agree with that conclusion, either as a matter of law or as a matter of logic. Legally, "[t]here is no reason why contradictory evidence from the same party or witness is less capable than inconsistent evidence from separate sources to create a disputed fact question. It is the fact finder's role to decide which is true." *Taal v. Union Pacific Railroad Co.*, 106 Or App 488, 494, 809 P2d 104 (1991) (discussing affidavit evidence at summary judgment stage in civil proceedings). Such inconsistencies may be explained by confusion, or the inconsistency may not exist when the circumstances are better understood. Likewise, given how records are developed in workers' compensation cases, apparent contradictions and inconsistencies sometimes may be due to the leading written questions posed

to the experts, coupled with the experts' limited opportunities to clarify their answers.

Our role on review is to evaluate whether the Board's decision is supported by substantial evidence, which means evidence that, in viewing the record as a whole, would permit a reasonable person to make a finding. ORS 183.482(8)(c); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). In addition to the requirement that findings be supported by substantial evidence, the Board must provide a "sufficient explanation to allow a reviewing court to examine the agency's action." *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997); *see also Drew v. PSRB*, 322 Or 491, 500-01, 909 P2d 1211 (1996) (agency must provide *"reasoning* that leads [it] from the *facts* that it has found to the *conclusions* that it draws from those facts" (emphasis in original)). The problem here is that the Board did not acknowledge the existence of Kelly's subsequent opinion, it did not reconcile her two opinions, and it did not explain why it found Kelly's opinion of an "actual worsening" persuasive notwithstanding her agreement that she was treating claimant for a "waxing and waning" of symptoms. The persuasive force that attends to Kelly's "actual worsening" opinion requires consideration of her possibly inconsistent opinion that claimant was undergoing a temporary and acute waxing and waning of symptoms requiring medical care to stabilize those symptoms. To be sure, whether Kelly's two opinions are fatally inconsistent is for the Board to consider and decide. But for us to meaningfully review the Board's reliance on Kelly's "actual worsening" opinion, the Board must explain its reasons for relying on it notwithstanding Kelly's subsequent "waxing and waning" opinion. *See Liberty Northwest Ins. Corp. v. Verner*, 139 Or App 165, 169, 911 P2d 948 (1996) (Board's decision accepting expert's opinion without explaining inaccuracies not supported by substantial reason).

Reversed and remanded for reconsideration.