Argued and submitted June 22, 2000, reversed and remanded for reconsideration March 28, 2001

In the Matter of the Compensation of
Helen F. Iles, Claimant.

Helen F. ILES,
*Petitioner,*

*v.*

FRED MEYER, INC.,
*Respondent.*

(WCB 98-09479; CA A108026)

21 P3d 195

Dennis O'Malley argued the cause and filed the brief for petitioner.

Tracy J. White argued the cause for respondent. With her on the brief were Deborah L. Sather and Sather, Byerly & Holloway.

Before Haselton, Presiding Judge, and Deits,* Chief Judge, and Wollheim, Judge.

* Deits, C. J., *vice* De Muniz, J., resigned.

WOLLHEIM, J.

## WOLLHEIM, J.

In this workers' compensation case, claimant seeks review of a Workers' Compensation Board's (Board) order that affirmed a denial of her workers' compensation claim. Claimant argues that the Board's order is insufficient as a matter of law because (1) it concluded that claimant's wrist injury was noncompensable due to a lack of objective findings without acknowledging evidence of edema contained in the medical record, and (2) it rejected without discussion other objective findings supported by the medical evidence. We reverse and remand for reconsideration.

The material facts are not disputed. Since 1971, claimant has worked for Fred Meyer, Inc. (employer). On July 1, 1998, while working in the shoe department, claimant was assisting a customer when she entered employer's stock-room to retrieve the customer's shoe selections. The shoes in the stockroom were kept on large metal racks approximately eight feet tall. Some of those racks were attached to the walls, while others were on rails and were moveable. The moveable racks would "jam" on occasion and additional force was necessary to move them. Claimant grabbed one of the moveable racks with her right hand. The rack jammed and claimant exerted additional force. As claimant did that, she heard a pop in her right wrist and felt a shooting pain up her right arm. Claimant took an over-the-counter pain reliever and completed her shift. The following day she again completed her normal work shift but experienced pain and swelling in her right wrist.

On July 8, 1998, claimant filed a workers' compensation claim, alleging that she sustained a work-related injury to her wrist on July 1, 1998. On July 13, 1998, claimant saw Dr. Pribnow for her wrist pain. Pribnow diagnosed right wrist pain with nonanatomic findings and released claimant to modified work with no repetitive use of the right wrist. Soon thereafter, claimant started physical therapy sessions. Later that month, claimant again saw Pribnow and he diagnosed a right wrist sprain/strain by history. On August 28, 1998, claimant saw Dr. Corrigan, on referral by Pribnow, who similarly diagnosed a right wrist strain by history.

Employer denied the claim due to a lack of objective findings. The administrative law judge (ALJ) agreed with employer and concluded that "the record does not contain sufficient evidence of 'objective findings' related to the July 1, 1998 work incident." The ALJ affirmed employer's denial.

Claimant appealed to the Board. On appeal, claimant asserted, among other things, that her claim was supported by "objective findings" and specifically referred to evidence of mild edema contained in a chart note that the ALJ ignored. The Board affirmed and adopted the ALJ's decision, stating "we agree with the ALJ's reasoning that the injury claim was not supported by 'objective findings.' "

Claimant then sought judicial review, assigning as error the Board's failure to consider evidence in the record regarding the existence of objective findings. Specifically, claimant argues that the Board erred because it failed to acknowledge Pribnow's chart note that claimant had mild edema[1] following the work incident. That chart note, claimant contends, establishes "objective findings" to support compensability. Because the Board failed to address the chart note, claimant argues that we should remand the case to the Board. Claimant also argues that the Board failed to explain adequately its rejection of Pribnow's observation and measurement of claimant's reduced grip strength as an objective finding. We agree with both of claimant's contentions.

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death[.]" ORS 656.005(7)(a). For an accidental injury to be compensable, it must be "established by medical evidence supported by objective findings[.]" *Id.* "Objective findings" are defined by ORS 656.005(19) as

" '[o]bjective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings'

---

[1] Edema is defined as, "[a]n accumulation of an excessive amount of watery fluid in cells, tissues, or serous cavities." *Stedman's Medical Dictionary*, 544 (26th ed 1995).

does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

*See also SAIF v. Lewis,* 170 Or App 201, 12 P3d 498 (2000).

Claimant argued to the Board that the medical evidence of edema was an objective finding. Rather than address that issue, the Board simply adopted the ALJ's opinion and order without addressing the evidence of edema contained in the chart note. Similarly, the Board failed to explain why Pribnow's observation and measurement of claimant's reduced grip strength was not an objective finding. The Board did not explain why the ALJ's opinion was sufficient with regard to those issues.

Our role is to review the Board's order for substantial evidence. ORS 183.482(8). Here, the Board did not "provide a 'sufficient explanation to allow a reviewing court to examine the agency's action.' " *SAIF v. January,* 166 Or App 620, 626, 998 P2d 1286 (2000), *quoting Schoch v. Leupold & Stevens,* 325 Or 112, 118, 934 P2d 410 (1997). We reverse and remand to the Board to consider whether the chart note containing evidence of edema and reduced grip strength constitute objective findings. If so, the Board needs to consider the compensability of this claim.

Reversed and remanded for reconsideration.