Argued and submitted July 23, affirmed October 31, 2001

In the Matter of the Compensation of
Paula T. Smith, Claimant.

SAIF CORPORATION
and Selectemp Corp.,
*Petitioners,*

*v.*

Paula T. SMITH,
*Respondent.*

99-00322; A110337

34 P3d 696

Julene Marian Quinn argued the cause and filed the briefs for petitioners.

Christine I. Jensen argued the cause for respondent. On the brief were Evohl F. Malagon and Malagon, Moore & Jensen.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

SAIF Corporation seeks reversal of an order of the Workers' Compensation Board concluding that claimant had suffered a compensable injury when an on-the-job accident caused one of her saline breast implants to collapse. SAIF asserts that the Board erred, as a matter of law, in concluding that a compensable injury occurred, because the accident in question caused neither a compensable injury to claimant nor a compensable injury to a prosthetic appliance. In particular, SAIF argues, first, that the record does not support the Board's finding of an injury to claimant. Second, it argues that the reasoning in a concurring opinion from the Board, indicating that the accident had caused a compensable injury to a prosthetic appliance, is unsound. For the reasons that follow, we affirm the Board's order.

The facts are not disputed. Claimant was employed as a janitor at an airport. As she was entering a restroom in the course of her employment, a customer suddenly came out of a restroom stall and slammed claimant against a wall. Claimant experienced immediate pain on the left side of her chest, and noticed shortly thereafter that her saline breast implant had ruptured. Claimant sought medical treatment from Dr. Cutler, who had performed the breast implant surgery several years earlier. Cutler determined that the left breast implant had ruptured and contained no residual fluid, and noted that as a result, claimant's breasts were asymmetrical. Cutler recommended that the ruptured implant be removed and replaced.

SAIF denied claimant's claim on the ground that she had not suffered a compensable injury under ORS 656.005(7)(a)[1]

---

[1] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, [subject to limitations not at issue here]."

ORS 656.005(19) further defines "objective findings" as "verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

and OAR 436-010-0230(10).[2] Claimant sought a hearing, after which the administrative law judge (ALJ) agreed with SAIF that no compensable injury had occurred because claimant's breast implant was not a "prosthetic appliance" for purposes of ORS 656.005(7)(a), given the definition of "prosthetic appliance" found in OAR 436-010-0230(10). Claimant then sought review by the Board, which adopted the ALJ's findings of fact but concluded that it was not necessary to determine whether the breast implant was a "prosthetic appliance" for purposes of the statute because, in any event, there had been an injury to claimant's person. The Board stated:

> "Claimant sought medical treatment both because of the pain she experienced due to the work accident and to determine what could be done about the damage to her chest. Following an examination, Dr. Cutler reported that the left breast implant was 'completely flat' with 'no residual fluid evident in the left breast implant.' Dr. Cutler further found that claimant's chest exhibited 'pronounced asymmetry,' with the left breast and the right breast no longer matching.

> "Based on claimant's visit to Dr. Cutler, we find that the work injury required medical services. ORS 656.005(7)(a). In addition, Dr. Cutler's findings during his examination establish an injury by medical evidence supported by objective findings. Specifically, the findings of a 'completely flat' left breast implant, 'no residual fluid evident in the left breast implant,' and the 'pronounced asymmetry' of claimant's breasts, all of which were caused by the work injury, constitute objective findings in support of medical evidence in that these findings are observable, measurable, and verifiable indications of injury. ORS 656.005(19)."

In a concurring opinion, one Board member joined in the reasoning of the majority but also concluded that there existed a separate basis supporting compensability of claimant's

---

[2] OAR 436-010-0230(10) provides:

"The cost of repair or replacement of prosthetic appliances damaged when in use at the time of and in the course of a compensable injury is a compensable medical expense, including when the worker received no physical injury. For purposes of this rule, a prosthetic appliance is an artificial substitute for a missing body part or any device by which performance of a natural function is aided, including but not limited to hearing aids and eyeglasses."

claim. The concurring member concluded that the damaged breast implant was a "prosthetic appliance" for purposes of ORS 656.005(7)(a), and that OAR 436-010-0230(10) impermissibly limited compensable medical expenses involving prosthetic appliances by defining "prosthetic appliance" too narrowly. SAIF sought judicial review of the Board's order.

■     We begin by noting that SAIF, in its initial denial, and both parties, at times throughout this proceeding, have conflated two separate issues. Whether an injury is compensable is determined by reference to ORS 656.005(7)(a). The compensability of an *injury* is not determined by OAR 436-010-0230, which concerns only the compensability of specific types of medical services. *See generally* ORS 656.245(1)(a) (requiring insurers and self-insured employers to provide certain medical services for compensable injuries). In short, a determination of whether or not a specific medical service that a claimant seeks is compensable under ORS 656.245 or OAR 436-010-0230 is not relevant to whether the claimant suffered a compensable injury in the first place. As noted, this case arose when SAIF denied claimant's claim on the ground that no compensable injury had occurred. Therefore, the only question properly before us is whether, under ORS 656.005(7)(a), a compensable injury occurred.

■     SAIF asserts that the record does not support the Board's conclusion that claimant suffered a work injury as a result of the accident. We review the Board's determination for substantial evidence. ORS 183.482(8); *Iles v. Fred Meyer, Inc.*, 173 Or App 254, 258, 21 P3d 195 (2001). Substantial evidence supports the Board's conclusion that claimant suffered an injury for purposes of ORS 656.005(7)(a). In *K-Mart v. Evenson*, 167 Or App 46, 50, 1 P3d 477, *rev den* 331 Or 191 (2000), we noted that ORS 656.005(7) does not define "injury." We stated:

"That word generally means:

" '**1 a :** an act that damages, harms or hurts * * *;

" '* * * * *

" '**2 :** hurt, damage, or loss sustained * * * ‹*injuries* to health› * * * ‹suffered severe *injuries* in the accident›;

" 'syn INJURY, HURT, DAMAGE, HARM and MIS-CHIEF mean in common the act or result of inflicting on a person or thing something that causes loss, pain, distress, or impairment. INJURY is the most comprehensive, applying to an act or result involving an impairment or destruction of right, health, freedom, soundness, or loss of something of value ‹sustain a leg *injury* in a fall› ‹mental or emotional upset is just as truly an *injury* to the body as a bone fracture, a burn, or a bacterial infection—G. W. Gray b. 1886, * * *.' " *K-Mart*, 167 Or App at 50 (quoting *Webster's Third New Int'l Dictionary*, 1164 (unabridged ed 1993)).

In *Evenson*, we concluded that a person suffers an "injury" for purposes of ORS 656.005(7)(a) if the person suffers harm, damage or hurt sufficient either to require medical services or to result in disability or death. *Id.* at 50. Applying that standard here, we find no need to decide whether claimant also suffered an injury to a prosthetic appliance under ORS 656.005(7)(a), because substantial evidence supports the Board's conclusion that claimant suffered an injury to her person. As noted above, claimant received a forceful blow to her chest in the course of her work, experienced immediate pain in her chest, and suffered a notable disfigurement to her body as a result of the blow. The workplace accident resulted in "injury" to claimant under any definition of that term.

SAIF further argues that there are no objective findings, *i.e.*, "verifiable indications of injury," ORS 656.005(19), to support the Board's conclusion. We disagree. In *SAIF v. Lewis*, 170 Or App 201, 212, 12 P3d 498 (2000), *rev allowed* 331 Or 692 (2001), we interpreted the requirement for "objective findings" as follows:

"The statutory emphasis is on findings made by a medical expert on the basis of a verification process involving trained observation, examination, or testing that produces results—either physical or subjective responses—that are witnessed, measured, or can be reproduced. For there to be 'findings,' a process of verification necessarily must take place. The plain import of the language is that the verifiable character of indications of injury or disease are established only if a medical expert engages in a medical examination process that results in their verification. Said another way, to satisfy the statute, the expert must attempt to verify the

injury or disease, must succeed in doing so, and must make findings accordingly. Necessarily, then, the indications of an injury or disease must, at the time of the examination, be *presently* verifiable." (Emphasis in originial.)

SAIF argues that that standard has not been met in this case because Cutler's reports do not indicate that he observed swelling, bruising, or abrasions. However, what SAIF overlooks is that Cutler did observe notable disfigurement that was a result of the workplace accident. That disfigurement was both "observable" and "measurable." ORS 656.005(19). Cutler found that "[t]he left breast and the right breast no longer match." We therefore reject SAIF's argument that the Board erred in concluding that claimant had suffered a compensable injury. ORS 656.005(7)(a).

We note that there are potential issues here disputed by the parties, and encompassed in their arguments, that we do not reach because of the procedural posture of this case, *e.g.*, whether claimant, who has sustained a compensable injury, can receive as a compensable medical service under ORS 656.245 a replacement for the ruptured breast implant,[3] whether a breast implant is a "prosthetic appliance," or whether OAR 436-010-0230 provides an unduly restrictive interpretation of the statutory term "prosthetic appliance." On the narrow issue of whether the Board correctly set aside SAIF's denial of claimant's claim, we agree with the Board that claimant suffered a compensable injury.

Affirmed.

---

[3] ORS 656.245(1)(b) requires insurers and self-insured employers to provide medical services for conditions caused by compensable injuries, including "prosthetic appliances * * * and where necessary, physical restorative services."