JAMES, J.
*431 Claimant seeks judicial review after the Workers' Compensation Board upheld employer's denial of his aggravation claim. On review, claimant argues that the board applied the wrong legal standard to determine compensability: Rather than assessing the persuasiveness of the competing medical opinions, the board applied a per se rule that the opinion of a claimant's treating physician is insufficient to establish compensability unless that opinion specifically responds to or rebuts the opinion of the physician who conducted an independent medical examination (IME). In claimant's view, the board's use of that per se rule effectively raised the standard of proof beyond the statutorily imposed preponderance-of-the-evidence standard. Although we agree with claimant that such a per se rule is inconsistent with the statutory scheme, we are not persuaded that the board applied such a rule in this case. Accordingly, we affirm.
Claimant was injured at work in June 2013 while moving a pipe, and employer's claims administrator accepted his claim for a lumbosacral sprain /strain. Thereafter, Dr. Armerding became claimant's treating physician, and Armerding declared claimant medically stationary in January 2014. Claimant returned to Armerding in September 2015, reporting recurrences of pain that had severely limited his ability to function at home or at work. Armerding assessed a lumbosacral strain and indicated that the pattern suggested facet joint dysfunction with secondary pain and spasm, and could represent intermittent spinal root irritation or impingement from disc pathology or other source.
Claimant and Armerding completed a form for reporting "aggravation of original injury," and claimant was released for light-duty work and referred for an MRI scan. The MRI revealed moderate disc protrusions at L2-3 and L3-4, and claimant returned to Armerding on September 23, reporting that September had been his worst month ever in terms of back pain. Armerding continued to assess a lumbosacral strain and opined that claimant's work activities over the preceding eight years, including the "acute sprain/
*432 strain injury of 2013," were a material cause of the facet joint arthrosis and degenerative changes seen on the MRI.
Employer requested an IME, which was performed by Dr. Laycoe, an orthopedic surgeon. Laycoe diagnosed a lumbosacral sprain /strain related to the June 2013 incident and degenerative disc disease at L1-2, L2-3, and L3-4, with mild facet joint arthritis at L3-4 and L4-5, and secondary disc protrusions at L2-3 and L3-4. Laycoe opined that claimant had a combined condition of the lumbar strain from June 2013 and a preexisting arthritic condition of degenerative disc disease with facet arthritis. He further opined that claimant's symptoms in 2014 and 2015 were due to the degenerative disc disease and facet arthritis, not the low lumbar strain.
*535 Claimant returned to Armerding on October 21, 2015, again reporting that his back pain over the preceding two to three months had been the worst and most prolonged since his workplace injury. Armerding assessed a lumbosacral ligament strain and continued claimant's light duty work restrictions.
On October 27, 2015, employer's claims processor issued a denial of aggravation of claimant's accepted sprain/ strain condition, asserting that claimant had not sustained a worsening of his injury from June 2013. Claimant requested a hearing on the denial before an administrative law judge (ALJ).
In advance of the scheduled hearing, Laycoe provided an addendum to his IME report. In that addendum, Laycoe opined that soft tissue injuries like claimant's heal in the course of two months, and that sprains or strains usually do not "worsen"; that "there is no clinical objective evidence of worsening"; that he disagreed with Armerding's opinion that a pathological worsening can only be confirmed by tissue specimen; that claimant has degenerative disc disease, and that there was "absolute correlation" with subjective symptoms and objective findings that "are beyond question as to diagnosis"; and that the cause of claimant's present condition and symptoms is degenerative disc disease rather than a recurrent lumbosacral sprain.
*433 In a conference call with the ALJ on the day before the hearing, the parties agreed to cancel the hearing because neither party needed to present witness testimony. However, the evidentiary record was left open for, among other things, a possible rebuttal report from Armerding in response to Laycoe's addendum. For whatever reason, claimant never submitted a rebuttal report, and the evidentiary record was closed.
The ALJ subsequently issued an order upholding the denial of claimant's aggravation claim. The ALJ understood Armerding to have opined that, based on objective findings, claimant had sustained an actual worsening of the accepted lumbosacral strain condition. See ORS 656.273(1) ("A worsened condition resulting from the original injury is established by medical evidence of an actual worsening of the compensable condition supported by objective findings."). But the ALJ ultimately concluded that Armerding's opinion was insufficient, because he had not addressed Laycoe's addendum:
"[W]hile Dr. Armerding did opine that claimant suffered an actual worsening of his accepted low back condition, he did not address the opinion of Dr. Laycoe. Dr. Laycoe attributed claimant's symptoms solely to degenerative disc disease, and opined that claimant's symptoms were consistent with that condition, also noting that a soft tissue sprain or strain would have resolved within two months from the injury. He pointed to specific findings on examination, as well as the MRI scan, in support of his opinion. While Dr. Armerding acknowledged the MRI findings, and had previously attributed claimant's symptoms to facet joint pain, he did not explain why he believed claimant's symptoms were representative of a worsening of the accepted strain condition, nor did he address Dr. Laycoe's opinion regarding claimant's degenerative condition . For these reasons, I find Dr. Armerding's opinion insufficient to establish that claimant sustained a compensable aggravation claim for an actual worsening of the accepted lumbosacral strain / sprain condition. See Mark S. Parrott , 58 Van Natta 729, 733 (2006) (absence of analysis of opposing causation argument rendered physician's opinion insufficient to carry burden ); Carmen E. Russell , 56 Van Natta 399, 403 (2004). Accordingly, the October 27, 2015 denial is approved."
(Emphasis added; exhibit citations omitted.)
*434 Claimant requested review by the board, arguing that, contrary to the ALJ's reasoning, Armerding's opinion had addressed and rebutted all of the arguments raised by Laycoe and that the board decisions cited by the ALJ, Mark S. Parrott and Carmen E. Russell , were "not applicable to this case." Claimant asserted that the injured worker "does not need to obtain medical evidence in the form of an additional medical report with all the expense involved in that process to specifically rebut points raised by defense witnesses when the points raised by the defense witness were addressed as part *536 of the injured worker's case in chief." He further asserted that such a requirement-to provide a medical report that analyzes and rebuts the causation opinions of opposing medical experts-is "in direct conflict with prior case law. To require this level of proof impermissibly raises claimant's burden of proof to something above a preponderance of the evidence."
The board ultimately adopted and affirmed the ALJ's order, but with supplementation that explicitly responded to claimant's contention about the requirement of a rebuttal report. The board explained:
"Considering the disagreement between the medical experts regarding whether claimant's accepted condition had actually worsened, the claim presents a complex medical question that must be resolved by expert medical opinion. See Johnson v. SAIF , [194 Or. App. 689, 695, 96 P.3d 830 (2004) ], citing Uris v. Compensation Department , [247 Or. 420, 424, 430 P.2d 861] (1967) ('where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons' (internal citation omitted)), and Kassahn v. Publishers Paper Co. , [76 Or. App. 105, 109, 708 P.2d 626] (1985), rev. den. , 300 Or. 546, 715 P.2d 93 (1986) (Board correctly concluded that complex medical questions must be answered through expert medical opinion in the context of an aggravation claim.); Randy S. Gehrs , 64 Van Natta 2094 (2012).
"Here, Dr. Laycoe opined that there was no clinical objective evidence of a worsening 'actually, pathologically,' and that claimant's symptoms were solely due to degenerative disc disease. Because Dr. Armerding did not *435 sufficiently respond to or rebut Dr. Laycoe's opinion, we do not consider his opinion sufficiently persuasive to establish the compensability of claimant's aggravation claim. See Michael D. Fuller , 64 Van Natta 627, 632 (2012) (physicians opinion was found less persuasive when it did not address contrary evidence in the context of an aggravation claim). Consequently, we affirm the ALJ's order that upheld the employer's denial."
Claimant now seeks judicial review of that order. In his first assignment of error, he argues that the board, like the ALJ, "increased claimant's burden of proof to require a response to or rebuttal of Dr. Laycoe's later opinion" and "created a rebuttable presumption that Dr. Laycoe's opinion is correct, and unless responded to or rebutted, carries the day." In his second assignment, he argues that the board's finding that Armerding failed to respond to or rebut Laycoe's opinion lacks substantial evidence.
Claimant's first assignment of error turns on a reading of the board's order-and whether it actually interpreted the law in the way that claimant contends. See ORS 656.298(7) (providing that we review board orders as provided in ORS 183.482(7) and (8) ; ORS 183.482(8)(a) (the court shall remand where an agency has erroneously interpreted a provision of law). That is because we agree with claimant, as an initial matter, that a per se rule requiring a rebuttal report is inconsistent with the statutory standard for compensability.
Nothing in ORS 656.273 (concerning aggravation claims) requires that a claimant produce a rebuttal report in order to establish a compensable worsening. Rather, as we held in SAIF v. January , 166 Or. App. 620, 624, 998 P.2d 1286 (2000), "if medical evidence-i.e. , a physician's expert opinion-establishes that the symptomatic worsening represents an actual worsening of the underlying condition, such evidence may carry the worker's burden." (Emphasis omitted.) Whether a medical expert's "opinion is persuasive [is] for the Board to determine," but "in all events, a medical expert's opinion that an increase of symptoms signifies an actual worsening of a particular compensable condition satisfies the actual worsening standard" in ORS 656.273. 166 Or. App. at 624, 998 P.2d 1286.
*436 Previous board decisions, such as those cited by the ALJ and the board, involved factual determinations about the persuasiveness of competing medical opinions in those particular cases; they do not, and cannot, create an additional legal hurdle-a requirement *537 to produce a rebuttal or responsive report-beyond the requirements specified in the statutory scheme. In other words, those decisions provide examples of situations in which the board has found a particular medical opinion unpersuasive, but they are not precedent that creates a legal rule that a claimant must rebut or respond to the opinion of an opposing medical expert in order to prove compensability.
The ALJ's order is ambiguous as to whether she correctly understood the law in that regard. Although the ALJ discussed the persuasiveness of the competing medical opinions, she also cited Mark S. Parrott , 58 Van Natta at 733, for what sounds like a legal proposition rather than an illustration: "absence of analysis of opposing causation argument rendered physician's opinion insufficient to carry burden ." (Emphasis added.)
In direct response to claimant's criticism of the ALJ's reasoning, the board explained that rebuttal was necessary as a matter of factual persuasiveness , not legal sufficiency. The board explained that Laycoe had presented contrary evidence-that "there was no clinical objective evidence of a worsening 'actually, pathologically,' and that claimant's symptoms were solely due to degenerative disc disease," and that, because "Armerding did not sufficiently respond to or rebut Dr. Laycoe's opinion, we do not consider his opinion sufficiently persuasive to establish the compensability of claimant's aggravation claim." (Emphasis added.) The board, like the ALJ, cited one of its own decisions, Michael D. Fuller , 64 Van Natta at 632. The board's citation to precedent, on an issue of the persuasiveness of evidence, is somewhat confusing. The persuasive power of individual evidence is a case-by-case determination. Axiomatically, that other evidence in another case was, or was not, persuasive has no precedential effect on the potential persuasiveness of evidence in a different case. Nevertheless, we do not read the board's order as stating a per se rule of persuasiveness. Rather, we conclude that the more plausible reading of *437 the board's citation was that it was merely illustrative of the board's reasoning as to why this evidence, in this case, was found unpersuasive. Accordingly, we reject claimant's first assignment of error.
Claimant's second assignment of error, in which he challenges the evidence to support the board's finding that Armerding failed to respond to or rebut Laycoe's opinion, does not require extended discussion. Suffice it to say that the competing medical opinions, viewed in light of the record as a whole, would permit a reasonable person to make that finding. ORS 183.482(8)(c).
Affirmed.