672 March 11, 2026 No. 185

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Marie Forsberg,
Claimant.

Marie FORSBERG,
*Petitioner,*

*v.*

PROVIDENCE HEALTH & SERVICES - OREGON,
*Respondent.*

Workers' Compensation Board
2005822;
A183239

Submitted May 12, 2025.

Marie Forsberg filed the briefs *pro se*.

Rebecca A. Watkins and SBH Legal filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board (board) upholding employer Providence Health and Services's denial of her workers' compensation claim for a COVID-like respiratory illness. We review the board's order under ORS 656.298(7) and ORS 183.482(7) and (8) for substantial evidence and errors of law, conclude that the board's order is supported by substantial evidence and substantial reason and that there was no error, and therefore affirm.

Claimant, who worked for employer as a home health case worker, filed an injury claim for a COVID-like illness. Employer denied the claim, and claimant requested a hearing. At the hearing, the parties presented medical evidence, and claimant testified about her symptoms, conditions, and causation. The administrative law judge (ALJ) issued an order with findings and conclusions and upheld employer's denial. The board adopted the ALJ's findings and conclusions and affirmed the order.

In her *pro se* brief on judicial review, claimant raises a myriad of procedural issues that were not raised at the hearing or before the board. Those issues include claimant's concerns about a conflict of interest with the ALJ, the withdrawal of an exhibit, the ability to call witnesses, the weight given COVID tests, the intimidation she felt during the legal process, and her confusion over the process of access to the transcript of the hearing. A careful review of the record reveals that none of those issues were raised in the proceedings below.

For us to review an issue, a party must preserve that issue by raising it in the hearing or before the board. ORAP 5.45(1); *Balcom v. Knowledge Learning Enterprises*, 256 Or App 615, 622-23, 302 P3d 1208, *rev den*, 354 Or 386 (2013). *Pro se* litigants are often unfamiliar with the principle of preservation. It encompasses the rule that parties must raise and articulate issues at each stage of an administrative process to afford the agency involved an opportunity to address them. To preserve an issue for judicial review, "a party must provide [the agency] with an explanation of his

or her objection that is specific enough to ensure that the [agency] can identify its alleged error with enough clarity to permit it to consider and correct the alleged error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Claimant's asserted procedural errors would not have been obvious to the ALJ or the board such that they could have been considered and corrected without having been raised by claimant. Thus, we conclude that the asserted procedural errors were not preserved, and we therefore decline to consider them.

However, claimant did preserve her challenge to employer's denial of her workers' compensation claim. Turning to that issue, and reviewing the board's order for substantial evidence, substantial reason, and errors of law—*see* ORS 656.298(7); ORS 183.482(7); *see Estrada v. Federal Express Corp.*, 298 Or App 111, 120, 445 P3d 1276, *rev den*, 365 Or 769 (2019) (substantial evidence supports a factual finding when the record as a whole would permit a reasonable person to make such a finding)—we conclude that the board's order is supported by substantial evidence and substantial reason and, further, that the board did not commit legal error.

Our review of the record leads us to conclude that substantial evidence supports the board's findings, including its findings as to the timing of claimant's symptoms, the onset of her illness, and the content of the expert opinions. Furthermore, the board gave reasoned explanations for each of its factual determinations. *Guild v. SAIF*, 291 Or App 793, 796, 422 P3d 376 (2018) ("[T]o be supported by substantial evidence, the [agency's decision] must indicate what findings [the agency] made and how those findings led to the [agency's] ultimate conclusions."). As we conclude that the board's order is supported by substantial evidence and substantial reason, we reject claimant's challenge to the board's order upholding employer's denial of her claim.

Affirmed.