10 April 29, 2026 No. 333

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Isa Dean,
Claimant.

Isa DEAN,
*Petitioner,*

*v.*

MULTNOMAH COUNTY
and Corvel Enterprise Comp Inc.,
*Respondents.*

Workers' Compensation Board
2201795;
A181645

Argued and submitted September 30, 2024.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Rebecca A. Watkins argued the cause for respondents. Also on the brief was SBH Legal.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board affirming an order of Administrative Law Judge (ALJ) Bethlahmy upholding an order of the Appellate Review Unit (ARU). The ARU's order had eliminated claimant's award of permanent partial disability for an accepted lumbar strain constituting an occupational disease. The underlying notice of closure had awarded claimant benefits for 18 percent permanent impairment and work disability. At reconsideration, however, a medical arbiter panel concluded that none of claimant's impairment findings were "due to" the accepted condition and that all findings instead were attributable to "conditions predating the date of injury." Relying on that report, the ARU eliminated claimant's impairment award, and ALJ Bethlahmy and the board affirmed.

Claimant contends that the board's order is not supported by substantial evidence or substantial reason, because the medical arbiters' causation premise directly contradicts the scope of the accepted occupational disease, as established in an earlier compensability determination by ALJ Poland. According to claimant, the arbiters effectively excluded from the accepted condition symptoms and work-related pathology that had already been determined by ALJ Poland to be part of the compensable occupational disease. Respondents contend that the board correctly relied on the arbiters' report, because impairment must be "due to" the accepted condition, and the arbiter panel unambiguously concluded that claimant's impairment findings were unrelated to the accepted lumbar strain.

Because the board relied on a medical arbiter report that rested on a premise inconsistent with the adjudicated scope of claimant's accepted occupational disease—and failed to explain that inconsistency—its decision eliminating claimant's impairment award is not supported by substantial evidence and substantial reason. We therefore reverse.

## STANDARD OF REVIEW

The parties agree that claimant challenged her award of permanent partial disability at the hearing and

before the board. We review the board's factual findings for substantial evidence in light of the whole record and its legal conclusions for errors of law. ORS 183.482(8)(b), (c); *Luton v. Willamette Valley Rehabilitation Center*, 272 Or App 487, 356 P3d 150 (2015); *Compton v. SAIF*, 195 Or App 329, 333, 97 P3d 669, *rev den*, 337 Or 669 (2004). Under the substantial evidence standard, we do not reweigh the evidence or substitute our judgment for the board's on matters of fact, but we do determine whether the board's findings are supported by substantial evidence and substantial reason. ORS 183.482(8)(c).

Substantial reason requires that the board articulate a rational connection between the facts it finds and the conclusions it draws from those facts. *See Drew v. PSRB*, 322 Or 491, 499-500, 909 P2d 1211 (1996). When the board rests a determination on a medical opinion, our review requires that we assess whether the board properly considered that opinion in light of the entire record. *See Guild v. SAIF*, 291 Or App 793, 800, 422 P3d 376 (2018). A medical opinion cannot be considered in isolation if parts of the record—including clinical notes and other medical testimony—reasonably bear on the issues the opinion addresses. The party bearing the burden of proof may rely on any part of the record that supports the required element, and, where the board bases a finding on a single expert's report, the board's finding must be grounded in the totality of the information that the expert relied upon. *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988); *Guild*, 291 Or App at 800-01. Where the board relies on expert medical evidence, the board's reasoning must address whether the premises underlying the expert's opinion are consistent with the record as a whole. *Minor v. SAIF*, 290 Or App 537, 547-48, 415 P3d 1107 (2018). Guided by those principles, we recount the procedural and factual background relevant to our review, drawing in part from the prior unappealed ALJ order that established the compensability of claimant's occupational disease claim.

## BACKGROUND

In 2006, claimant underwent an MRI that showed degenerative changes in her lumbar spine. Claimant began working for employer in its library system in 2009. In 2013

and 2014 she sought chiropractic treatment for low back pain, which her providers associated with ergonomic conditions at her workstation.

In 2017 claimant began a different role within the library system that required her to sit for prolonged periods in a fixed position while leaning and reaching to assist patrons. Claimant subsequently experienced worsening low back pain, for which she saw Dr. Pelley, a chiropractor. Pelley attributed claimant's low back symptoms to a lumbar strain and opined that claimant's work activity for employer was the major contributing cause of the diagnosed lumbar strain. Claimant's worsened symptoms culminated in an acute episode that led her to file an occupational disease claim, which employer denied.

Following litigation, ALJ Poland issued an order determining that claimant had established a lumbar strain that was compensable as an occupational disease. ALJ Poland specifically addressed claimant's back symptoms and treatment in 2013 and 2014 and concluded that those symptoms were consistent with the same work-related ergonomic conditions that caused the claimed occupational disease.

"I have considered the employer's argument that Dr. Pelley's opinion is not persuasive because she did not consider claimant's prior history of chiropractic treatment for her low back in 2013 and 2014. *That argument assumes that the prior chiropractic treatment was for a preexisting condition that is a major contributing cause of claimant's current lumbar symptoms. No medical expert has so opined. Furthermore, there is evidence in the record that the prior treatment was directed to symptoms resulting from the poor ergonomics at claimant's workstation. If so, the prior treatment would bolster Dr. Pelley's opinion.*

"In summary, for the reasons discussed above, I conclude that Dr. Pelley's analysis satisfies claimant's burden of establishing the existence of the claimed low back condition by medical evidence supported by objective findings, and the requisite major causal relationship between claimant's work activity and the claimed condition. Consequently, claimant has established a compensable occupational disease claim for her low back condition."

(Emphasis added.) ALJ Poland therefore rejected employer's contention that claimant's earlier symptoms reflected a separate preexisting cause of her condition and concluded that the 2013 and 2014 treatments were related to and supportive of Pelley's opinion that claimant suffered from a low back strain constituting an occupational disease. Employer thereafter accepted the claim for a lumbar strain as an occupational disease.

When claimant later became medically stationary, the insurer issued a notice of closure awarding claimant 18 percent permanent impairment and work disability based on findings of reduced lumbar range of motion.

Employer requested reconsideration. A medical arbiter panel examined claimant and confirmed reduced lumbar range of motion and decreased plantar sensation. The arbiter panel, however, concluded that none of the findings were "due to" the accepted lumbar strain. Instead, they stated that "[z]ero percent of the findings are due to the accepted condition," and that "[o]ne hundred percent of the findings are due to conditions predating the date of injury," referencing claimant's "back complaints *** going back to 2013."

Based on the arbiter report, the ARU issued an order on reconsideration eliminating claimant's impairment award. ALJ Bethlahmy affirmed, and the board subsequently adopted the ALJ's reasoning in its order on review.

## DISCUSSION

Under ORS 656.214, permanent impairment is defined as the "loss of use or function of a body part or system due to the compensable injury." In the context of claim closure, the compensable injury refers to the accepted condition. *Johnson v. SAIF*, 369 Or 579, 597-99, 507 P3d 1277 (2022). When reconsideration includes a medical arbiter examination, impairment findings ordinarily are based on the arbiter's evaluation, unless a preponderance of the medical evidence establishes that different findings by the attending physician are more accurate. OAR 436-035-0007(5)(b).

This case, however, does not turn on the accuracy of the arbiter's physical measurements. Rather, it concerns the premise underlying the arbiter panel's causation analysis and the board's reliance on that premise.

The arbiter panel attributed claimant's impairment entirely to "conditions predating the date of injury," specifically referencing claimant's low back complaints dating from 2013. But in the compensability litigation before ALJ Poland, those complaints were not treated as separate and unrelated to the claimed occupational disease. To the contrary, ALJ Poland expressly addressed those earlier symptoms and found no evidence that they were caused by a different condition and at least some evidence that they reflected the same work-related ergonomic stressors that ultimately produced claimant's occupational disease. ALJ Poland explained that the prior treatment did not undermine compensability and, if anything, supported the conclusion that claimant's lumbar condition was work-related.

Thus, as established in the compensability litigation, claimant's earlier lumbar symptoms did not undermine—indeed, if anything, supported—the determination by ALJ Poland that claimant's work activities caused her occupational disease.

Against that background, the arbiter panel's conclusion that claimant's impairment findings were entirely attributable to "conditions predating the date of injury" rests on a premise that is inconsistent with the adjudicated scope of the accepted condition. The board nevertheless relied on the arbiters' report without addressing that inconsistency. In short, the board relied on a medical arbiter's opinion that conflicts with the established scope of the accepted condition and did not explain why that conflict did not matter.

In reviewing the board's order for substantial evidence "we must also determine whether the board's analysis comports with substantial reason." *Minor*, 290 Or App at 545. An agency's order lacks substantial reason when the agency relies on assumptions that conflict with established facts in the record. *See Drew*, 322 Or at 499-500. Because the board did not reconcile the apparent inconsistency

between the arbiters' report and ALJ Poland's order relating to claimant's symptoms dating from 2013 and 2014, the board's conclusion that claimant's impairment was not "due to" the accepted condition is not supported by substantial reason.

## CONCLUSION

Because the board relied on a medical arbiter report that rested on a premise inconsistent with the adjudicated scope of claimant's accepted occupational disease—and failed to explain that inconsistency—its decision eliminating claimant's impairment award is not supported by substantial evidence and substantial reason.

Reversed and remanded.